UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARVIN THOMAS, )<br>)<br>  Plaintiff, )<br>)<br>VS. )<br>)<br>CITY OF SELMA, TEXAS, CITY OF )<br>SCHERTZ, TEXAS, RICHARD KUNZ, )<br>RUDOLFO ACUNA, AND JOHN )<br>SORENSEN, )<br>)<br>  Defendants. ) | Civil Action No. SA-06-CA-0119-XR |

**ORDER**

On this date, the Court considered John Sorensen's motion to dismiss (docket no. 3) and Richard Kunz and Rudolfo Acuna's motion to dismiss (docket no. 4). In addition, the Court has considered Defendants' motion seeking an order for production of expunged records (docket no. 12). After careful consideration, the motions are GRANTED.

**I. Factual & Procedural Background**

Plaintiff alleges in his First Amended Original Complaint[1] that on February 9, 2004, he was employed as a private security consultant. He received a cellular phone call while driving his motor vehicle and pulled into a bank parking lot to complete the call. On this day, he was wearing a City of Castroville, Texas police department jacket. He was also carrying a City of Castroville police badge. Although Thomas had been formerly employed by the Castroville Police Department, he was not employed by that entity on February 9.

---

[1] Plaintiff's motion for leave to file an amended complaint was granted on July 10, 2006.

1

John Sorensen is employed as a police officer for the City of Selma, Texas. Sorensen saw Thomas in the bank parking lot and reported Thomas to the City of Schertz police department as "suspicious."[2]

A number of police cars approached Thomas's vehicle. Rudolfo Acuna, a police officer employed by Schertz, approached Thomas and informed him that a rapist had been reported in the area, the rapist had been impersonating a police officer, and the rapist was believed to be using a vehicle similar to Thomas's. Acuna asked for identification from Thomas, and Thomas produced his driver's license. Thomas alleges that, without consent, Acuna reached into his vehicle and seized Thomas's "credential case."

Thomas alleges that he is a sworn peace officer and licensed by the Bexar County Constable's Office.[3] He also alleges that there is nothing illegal in him wearing Castroville police insignia. Thomas basically alleges that Acuna ignored his statements claiming to be a peace officer, refused to confirm his peace officer status, and proceeded to arrest him for impersonating a law enforcement officer and carrying a handgun and baton. Thomas alleges that Kunz prepared an incomplete police report based on hearsay information. He alleges that the Guadalupe County District Attorney's Office "ultimately dismissed all counts raised against Mr. Thomas . . . ." On the day of his arrest, Thomas was not carrying proof of his peace officer commission.

---

[2] The City of Schertz and the City of Selma are located next to each other. Ostensibly, the bank parking lot was located in the City of Schertz's jurisdiction.

[3] Defendants assert that Thomas first stated he was a Castroville police officer and changed his position when a background check failed to confirm this fact. Thomas allegedly then stated he was in the "process of becoming a Bexar County constable." Defendants assert that on February 9, 2004, Thomas was not a commissioned officer. The Court in resolving the motions to dismiss takes Plaintiff's complaint as true, and does not look beyond the pleadings in ruling on the motions.

Thomas brings this suit alleging that Defendants violated 42 U.S.C. § 1983 because he was deprived of substantive and procedural due process rights. He alleges that "Defendants deprived him of his good name and reputation as well as his personal property without due process of law." He also alleges that he was subjected to excessive force and cruel and unusual treatment by Defendants by being unlawfully detained, searched, arrested, handcuffed and incarcerated. He also alleges that the officers failed to provide him his *Miranda* warnings. In addition, he alleges he was subjected to malicious prosecution. Finally, he alleges that his First Amendment rights to park at the banking lot were violated.

## II. Legal Analysis

**A.   Standard of Review**

In considering a motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). This issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns Corp*., 14 F.3d 1061, 1067 (5th Cir. 1994).

B.  **Qualified Immunity**

Sorensen, Kunz and Acuna assert they are entitled to qualified immunity from Plaintiff's § 1983 claims. The Fifth Circuit has developed a two-step process for the examination of a claim of qualified immunity. The first inquiry is whether the plaintiff has alleged a violation of a clearly established constitutional or statutory right. *Colston v. Barnhart,* 130 F.3d 96, 99 (5th Cir.1997); *see also Hare v. City of Corinth, Miss.,* 135 F.3d 320, 325 (5th Cir.1998). The second inquiry is whether the defendant's conduct was objectively reasonable under existing clearly established law. *Colston,* 130 F.3d at 99.

As stated above, Thomas's § 1983 claims are for an alleged deprivation of substantive and procedural due process rights. He alleges that "Defendants deprived him of his good name and reputation as well as his personal property without due process of law." He also alleges that he was subjected to excessive force and cruel and unusual treatment by Defendants by being unlawfully detained, searched, arrested, handcuffed and incarcerated. He also alleges that the officers failed to provide him his *Miranda* warnings. In addition, he alleges he was subjected to malicious prosecution. Finally, he alleges that his First Amendment rights to park at the bank parking lot were violated.

In sum, Thomas basically argues that he should not have been arrested. The Fourth Amendment requires that an arrest be supported by a properly issued arrest warrant or probable cause. The officers are entitled to qualified immunity for the arrest if a reasonable person in their position could have believed that he had probable cause to arrest. *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir.2001) (quoting *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir.2000)). In particular, the arrest must be based on probable cause, which exists "when the totality

of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Glenn*, 242 F. 3d at 313.  Here, Thomas was arrested for impersonating a law enforcement officer or public servant.[4]  The undisputed facts are that Thomas was not, at the time of his arrest, a City of Castroville police officer; nevertheless, he was wearing a police jacket and in possession of a badge from that city's police force.  The Court finds that probable cause existed for his arrest. The mere fact that Thomas verbally informed the officers that he was allegedly a commissioned deputy constable in Bexar County, Texas is immaterial because the surrounding circumstances would validly lead a reasonable officer to conclude that Thomas was not a Castroville police officer.  *Id.* at 313, fn. 3.  Thomas also was not carrying any identification or peace officer license. Additionally, probable cause is not destroyed by Thomas's denial or statement that he was not impersonating a police officer.  *Id.*[5]  Other than his conclusory assertions, Plaintiff pleads no facts supporting any excessive force and/or cruel and unusual treatment claim.  *Babb v. Dorman*, 33 F. 3d 472, 479 (5th

---

[4] There seems to be some dispute as to what the actual arresting charge was and whether it was later changed.

[5] The court remains confused as to why someone who is allegedly a commissioned deputy constable in Bexar County, Texas is authorized to wear insignia of the Castroville police department while working a private, civilian job in Guadalupe County, Texas.  If this court entertains confusion on this point, it was no doubt confusing to the officers.  "The qualified immunity standard gives officers flexibility for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law . . . . In other words . . . even if officers of reasonable competence could disagree, an officer would still be entitled to qualified immunity." *Byers v. City of Eunice*, 157 Fed. Appx. 680, 684 (5th Cir. 2005) (citing *Menenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) and *Freeman v. County of Bexar*, 210 F.3d 550, 554 (5th Cir. 2000) . "[L]aw enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Bazan v. Hidalgo County,* 246 F.3d 481, 488 (5th Cir. 2001); *see also Sorenson v. Ferrie*, 134 F. 3d 325 (5th Cir. 1998) (it was not clearly established at the time of arrest that it was legal under Texas law for plaintiff to carry a firearm in the trunk of her automobile).

Cir. 1994) (To state a § 1983 claim, facts must be pled, not legal conclusions).

To succeed on an excessive-force claim under the Fourth Amendment, the plaintiff bears the burden of showing: (1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive to the need, and (3) the force used was objectively unreasonable. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). The pleadings fail to state what type of injury, if any, Thomas suffered and whether that injury resulted directly and only from the use of force that was clearly excessive. *Huang v. Harris County*, No. 00-20806, 2001 WL 822534, *9 (5th Cir. June 22, 2001). Plaintiff pleads no facts supporting any malicious prosecution claim against the officers. Plaintiff merely pleads that they wrongfully arrested him. The attempted First Amendment claim is merely a cleverly phrased reiteration of the wrongful arrest claim.

With regard to Plaintiff's claims that his "credential case" was seized, Thomas fails to specify when such seizure occurred (before, during or after the arrest). Further, with regard to the failure to provide *Miranda* warnings, Thomas fails to specify any facts. There are no facts pled that any officers interrogated Plaintiff after his arrest or that any incriminating statements were procured without Thomas's consent. The fact that all charges filed against Thomas were later dismissed indicates that any incriminating statements obtained from Thomas were not used against him in any criminal trial. Although a failure to provide Miranda warnings may support a suppression motion, that sole alleged violation in this context does not provide the basis for §1983 relief. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

**C.     Defendants' motion seeking an order for production of expunged records**

After the charges were dismissed against Thomas, he sought an expungement of records relating to the matter. The state district court sitting in Guadalupe County granted the request.

Pursuant to that order, the City Attorney for the City of Schertz turned over all of its records relating to Thomas's arrest. In an effort now to defend themselves from this civil suit, Defendants seek an order from this court directing that the District Clerk of Guadalupe County produce a copy of the expunged records. Thomas has not responded to this motion. Accordingly, the Court construes this request as being unopposed. In the alternative, inasmuch as Thomas has made the expunged records relevant discoverable material by the filing of this lawsuit, the Defendants' motion is GRANTED. *Ex Parte W.V. v. Texas*, 669 S.W. 2d 376, 379 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). The District Clerk of Guadalupe County is directed to produce a copy of the expunged records in Cause No. 04-1589-CV regarding Marvin Ward Thomas.

## Conclusion

For the reasons stated herein, Defendants Sorensen, Kunz and Acuna's motions to dismiss (docket nos. 3 and 4) are GRANTED. Defendants' motion seeking an order for production of expunged records (docket no. 12) is GRANTED.

It is so ORDERED.

SIGNED this 4th day of October, 2006.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE